**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTEBAN OCAMPO,<br><br>                Plaintiff,<br><br>    v.<br><br>THE CITY OF FRESNO, et al.,[1]<br><br>                Defendants. | Case No. 1:24-cv-01110-KES-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A SECOND AMENDED COMPLAINT, OR**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS FIRST AMENDED COMPLAINT**<br><br>**ORDER DENYING AS MOOT DEFENDANT SANGHA'S "MOTION TO DISMISS COMPLAINT; FOR MORE DEFINITIVE STATEMENT; MOTION FOR CONCISE STATEMENT AND TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT" AND PLAINTIFF'S "AMENDED MOTION FOR SUMMARY JUDGMENT"**<br><br>**(Docs. 14, 18, 22, 24, 25)**<br><br>**TWENTY ONE-DAY DEADLINE** |

       Plaintiff Esteban Ocampo is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his First Amended Complaint on October 16, 2024. (Doc. 14). Upon review, the Court concludes that that complaint fails to state any cognizable claims.

       Plaintiff has the following options regarding how to proceed: Plaintiff may file a second amended complaint which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating he wants to stand on this amended complaint, and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

---

[1] The Court is in receipt of Plaintiff's "Motion to Amend the Current Case Title," which seeks to "amend the case title to include additional parties." (Doc. 24). Because the Court grants Plaintiff leave to file an amended complaint, *see infra*, such motion is denied as moot.

Also pending before the Court is Defendant Aaranpreet Sangha's "Motion to Dismiss Complaint; For More Definitive Statement; Motion for Concise Statement and to Strike Portions of the First Amended Complaint" (Doc. 18) and Plaintiff's "Amended Motion for Summary Judgment" (Doc. 22),[2] both of which will be denied as moot, subject to renewal, if appropriate, on completion of screening.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See*

---

[2] On November 13, 2024, Plaintiff filed a "Request" to amend the heading associated with his November 5, 2024 filing (Doc. 22). Because that document, regardless of heading, is ordered denied as moot, the Court likewise denies Plaintiff's "Request" (Doc. 25) as moot.

2

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint, which uses the form "Complaint for Violation of Civil Rights (Non-Prisoner)," names as Defendants the City of Fresno, Ofc. Aaranpreet Sangha, Ofc. Gilberto Avila, Ofc. Daniel Saldana, Ofc. Justin Phoolka, and Does 1–6.[3] (Doc. 14 at 2–4.) Under a section titled "Basis for Jurisdiction," Plaintiff indicated that that he was bringing a suit against state or local officials under 42 U.S.C. § 1983 ("Section 1983") and lists violations based on violations of the "4th.14th Amendment of the U. S Const." (*Id.* at 2.)

In a section "explain[ing] how each defendant acted under color of state or local law," Plaintiff alleges as follows:

> Ofc Avila and Ofc Sangha performed a (Terry Stop) Stop-and-Frisk, For Bombs, Guns and Drugs. Ofc. Avila Days later California's civil code ss 1708.7, then on another date as i was arriving home Ofc Avila California penal code ss 646.9. Ofc. Sangha, Ofc Avila California civil code ss 46 amongst his associates, Ofc. Shin + 1 unknown Ofc(Doe1 )., whit the help of 1 Security guard (Doe2) Brake into Plaintiff Storage. PC ss 487. Ofc. Avila Ofc. Sangha failed to appear in court. Ofc Sanghas' associate continue to Stalk Plaintiff and his family, (penal codes ss 646 .9 PC)Plaintiff Request a Restraining order on Officers, Ofc Saldana initiated

---
[3] Plaintiff also lists an "Ofc. Shinn" in the caption of his complaint but does not include that officer as a named defendant on pages two through four of his complaint.

> a stop, locate 2 legally owned pistols without clips inside a sealed backpack in the locked trunk, Ofc. Saldana Ofc Sangha, Ofc. Felicia, Ofc. Phoolka Doe 3, with no Warrant Enter and searched Plaintiffs home and vehicles, Mothers home, Brothers Home, Brothers Tenets home. Base on Previous event
>
> *Depravation of Rights Under Color Of LAW : 42 U.S.C 1983

(*Id*. at 8 ("Bases of Jurisdiction (D)").)  As to relief,

> [Plaintiff] respectfully request that the court administer justice to the fullest extent. I belief the defendants should receive the maximum sentence for the crimes they have committed. Additionally, I request that the court revoke all Peace Officer licenses and certificates granted to the defendants to ensure that no one in Fresno, CA, does through what I have endured.
> Furthermore, I urge the court, in collaboration with the Judicial and Legislative branches, to establish Police Brutality Codes (PB). I also advocate for all complaints against Fresno Police Officers to be investigated by an independent third party.
> We are at the dawn of a new millennium, and our young nation is facing the early stages of a societal collapse. Cities like San Francisco, once prominent, now resemble scenes from a Zombie apocalypse. Seattle, Washington, is no different. Recognizing the direction we are all headed, I feel a profound responsibility to take action. I request that the court award the Plaintiff $7. million in damages, including punitive damages. The discovery phase will reveal the full extent of the truth, and while settlements may be discussed by law, my primary goal is to hold these individuals accountable. I want them to understand the impact of their actions and for their families to experience the consequences my family has endured. Although the defendants did not take my life, they have caused significant trauma to my life and character, which cannot be undone.
> I pray to God every day that no one else has to endure what I have experienced.
> I ask the court to make a lawful definition of "Fee" as "Taxes."
> I also request that the court consider California SB 50 2804.5 for the 2023-2024 regular session regarding law-level vehicle infractions and adopt this bill. This is a great leap forward and will prevent unnecessary contact with Fresno Police Officers.

(*Id*. at 18).  The remainder of his complaint is comprised of 188 pages of miscellaneous attachments and exhibits that purportedly support Plaintiff's claims of constitutional violations.

### III.     EVALUATION OF PLAINTIFF'S COMPLAINT

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims.  Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified

4

1  deficiencies, where appropriate.

2  **A.     Rule 8**

3  Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555; *see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.").

Here, there are no factual allegations in the complaint that identify the basis of Plaintiff's Section 1983 claim.[4] Although Plaintiff names several defendants, the factual basis for those claims

---

[4] While the First Amended Complaint is too incoherent to make a definite finding, the Court takes notice of a similar case filed by the Plaintiff and resolved by this Court, *Ocampo v. Fresno Police Department*, No. 1:23-cv-01653-KES-EPG, and advises the Plaintiff that his claims may be subject to *res judicata*. Two related doctrines of preclusion are grouped under the term "res judicata." *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).
   The first of these doctrines—claim preclusion—forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* Stated another way, "[c]laim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." *Hells Canyon Pres. Council v. United States Forest Service*, 403 F.3d 683, 686 n.2 (9th Cir. 2005).
   The second—issue preclusion, also known as collateral estoppel—"bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the

is unclear. While Plaintiff's allegations are generally incoherent, he appears to make numerous allegations of alleged officer misconduct. (Doc. 14 at 10–17.) He does not, however, explain with any clarity what act(s) of misconduct were allegedly perpetrated against him and by whom. Such pleading is not permissible because it does not give the defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

If Plaintiff elects to amend his complaint, he must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show how each particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a).

Plaintiff is advised that any further amended complaint must contain more than confusing allegations and attached exhibits. Plaintiff's complaint must contain "a *short* and *plain* statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "Each allegation must be *simple*, *concise*, and *direct*." Fed. R. Civ. P. 8(d)(1) (emphasis added). "A party must state its claims or defenses in *numbered paragraphs, each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added). "[E]ach claim founded on a separate transaction or occurrence . . . *must be stated in a separate count*." *Id.* (emphasis added).

Plaintiff is also cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits. The Court is not a repository for the parties' evidence. Originals, or copies of evidence need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). The Court is not in a position at the pleading stage to determine questions that go to the merits of a claim. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008). At screening, because the Court must assume Plaintiff's factual allegations are true, it is unnecessary for a plaintiff to submit exhibits in support of the

---

issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).

To the extent Plaintiff seeks to relitigate claims that were dismissed or issues related to those claims, any such claims are subject to dismissal and any such issues subject to collateral estoppel.

allegations in a complaint. If Plaintiff chooses to file an amended complaint, he should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

In sum, the Plaintiff's is advised that any amended complaint must clearly state individually for each defendant (1) who that defendant is; (2) what that defendant did; (3) what right that defendant violated; and (4) how that defendant's actions violated that right. Plaintiff may not simply provide a narrative story or a collection of exhibits. Failure to comply with these pleading rules may result in dismissal of this action.

**B.    Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1. Section 1983

To the extent Plaintiff intends to assert a claim for the deprivation of a constitutional right, 42 U.S.C. § 1983, known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[5] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d

---

[5] To the extent Plaintiff makes references to defendants having violated various California Code of Regulation provisions and / or the California Penal Code, Plaintiff is advised such deprivations do not support a claim under section 1983. Section 1983 only provides a cause of action for the deprivation of *federally protected rights*. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims brought under several sections of the California Penal Code because those code sections did not create enforceable individual rights).

1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law,[6] and (2) deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights.  *Iqbal*, 556 U.S. at 676–77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

---

[6] Plaintiff appears to identify Doe 2 as a security guard.  (Doc. 14 at 8.)  Plaintiff is advised that private individuals and entities not affiliated with a state or municipal government generally do not meet the element of Section 1983 that a defendant was acting "under color of state law."  *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").  However, the actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted).  If Plaintiff seeks to allege a claim under Section 1983 against a private individual or entity, he bears the burden the burden to establish state action under one of the aforementioned tests.  *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

### 2. *Heck* Bar

To the extent Plaintiff seeks damages under Section 1983 for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid (*see, e.g.*, Doc. 14 at 183, 187 (exhibits providing evidence of a pending state criminal case in which Plaintiff is the defendant)),[7] he must prove that the conviction or sentence has been reversed or declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages bearing such relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487.

Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, the claims cannot go forward if plaintiff's criminal proceedings are still pending. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (holding *Heck* does not encompass principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside"). Rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94. Thus, if a judgment for Plaintiff on any of his civil claims would "necessarily imply the invalidity of a conviction" on any of the pending criminal charges against him, the Court has discretion to stay Plaintiff's civil action until the resolution of that criminal charge. *Heck*, 512 U.S. at 487. Therefore, to the extent the Plaintiff pleads a cognizable Section 1983 claim based on a Fourth Amendment violation related to this pending state court case, the Court notes that such an action would be subject to a stay until those state charges are resolved.

### 3. *Younger* Abstention

To the extent Plaintiff seeks damages stemming from his state criminal prosecution—or any other form of relief other than damages—directly challenging his ongoing state criminal proceeding

---

[7] A court 'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. v. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice of Plaintiff's pending criminal action in Fresno Superior Court, *The People of the State of California v. Ocampo*, Case No. F24903019. (*See* Doc 14 at 183, 187). Insofar as Plaintiff seeks damages based on a violation of the Fourth Amendment, that would implicate the *Heck* bar. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").

1 in Fresno Superior Court (*see supra*), the Court notes that any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18–cv–0054–MCE–EFB, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.* (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986)).

### C. Leave to Amend

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims due to non-compliance with Rule 8.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file a second amended complaint, so Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000).

Plaintiff is granted leave to file a second amended complaint within thirty days. If Plaintiff chooses to further amend his complaint, in his second amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to further amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that a second amended complaint supersedes the first amended complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in any amended complaint, as with an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The second amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file a second amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files a second amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his first amended complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (21) days from the date of service of this order, Plaintiff shall either:
    a. File a Second Amended Complaint; or
    b. Notify the Court in writing that he wants to stand on this complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:24-cv-01110-KES-SKO;
3. Defendant Sangha's "Motion to Dismiss Complaint; For More Definitive Statement; Motion for Concise Statement and to Strike Portions of the First Amended Complaint" (Doc. 18) is DENIED AS MOOT, subject to renewal, if appropriate, upon completion of screening. The hearing on the motion set on December 11, 2024 is hereby VACATED,
4. Plaintiff's "Amended Motion for Summary Judgment" (Doc. 22) is DENIED AS MOOT, subject to renewal, if appropriate, on completion of screening, and
5. Plaintiff's "Motion to Amend the Current Case Title" (Doc. 24) and "Request to Amend Heading" (Doc. 25), are DENIED AS MOOT.

Plaintiff is advised that failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **November 15, 2024**            /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

11