UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN OCAMPO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF FRESNO, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01110-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>(Doc. 14)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the operative complaint in this action on October 16, 2024. (Docs. 13, 14, 17.)

On November 15, 2024, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within twenty-one days. (Doc. 27.) On December 3, 2024, Plaintiff filed a "Letter" in response to the screening order, that states: "I stand by my statement and believe that the evidence supporting my claims is substantial." (Doc. 28). Therefore, the Court construes Plaintiff's "Letter" as a notification that Plaintiff wishes to stand on his complaint.

For the reasons set forth below, the undersigned recommends that this action be dismissed for failure to state a claim. Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint, which uses the form "Complaint for Violation of Civil Rights (Non-Prisoner)," names as Defendants The city of Fresno, Ofc. Aaranpreet Sangha, Ofc. Gilberto Avila, Ofc. Daniel Saldana, Ofc. Justin Phoolka, and Does 1–6.[1] (Doc. 14 at 2–4.) Under the section titled "Basis for Jurisdiction," Plaintiff states he is bringing a suit against state or local officials under 42 U.S.C. § 1983 ("Section 1983") and lists violations based on violations of the "4th.14th Amendment of the U. S Const." (*Id.* at 2.)

In a section "explain[ing] how each defendant acted under color of state or local law," Plaintiff alleges the following:

> Ofc Avila and Ofc Sangha performed a (Terry Stop) Stop-and-Frisk, For Bombs, Guns and Drugs. Ofc. Avila Days later California's civil code ss 1708.7, then on another date as i was arriving home Ofc Avila California penal code ss 646.9. Ofc. Sangha, Ofc Avila California civil code ss 46 amongst his associates, Ofc. Shin + 1 unknown Ofc(Doe1 )., whit the help of 1 Security guard (Doe2) Brake into Plaintiff Storage. PC ss 487. Ofc. Avila Ofc. Sangha failed to appear in court. Ofc Sanghas' associate continue to Stalk Plaintiff and his family, (penal codes ss 646 .9 PC)Plaintiff Request a Restraining order on Officers, Ofc Saldana initiated a stop, locate 2 legally owned pistols without clips inside a sealed backpack in the locked trunk, Ofc. Saldana Ofc Sangha, Ofc Felicia, Ofc. Phoolka Doe 3, with no Warrant Enter and searched Plaintiffs home and vehicles, Mothers home, Brothers Home, Brothers Tenets home. Base on Previous event
>
> *Depravation of Rights Under Color Of LAW : 42 U.S.C 1983

(*Id.* at 8 ("Bases of Jurisdiction (D)").) As to relief, Plaintiff

> respectfully request that the court administer justice to the fullest extent. I belief the defendants should receive the maximum sentence for the crimes they have committed. Additionally, I request that the court revoke all Peace Officer licenses and certificates granted to the defendants to ensure that no one in Fresno, CA, does

---

[1] Plaintiff also lists an "Ofc. Shinn" in the caption of his complaint but does not include that officer as a named defendant on pages two through four of his complaint.

through what I have endured.

Furthermore, I urge the court, in collaboration with the Judicial and Legislative branches, to establish Police Brutality Codes (PB). I also advocate for all complaints against Fresno Police Officers to be investigated by an independent third party.

We are at the dawn of a new millennium, and our young nation is facing the early stages of a societal collapse. Cities like San Francisco, once prominent, now resemble scenes from a Zombie apocalypse. Seattle, Washington, is no different. Recognizing the direction we are all headed, I feel a profound responsibility to take action. I request that the court award the Plaintiff $7. million in damages, including punitive damages. The discovery phase will reveal the full extent of the truth, and while settlements may be discussed by law, my primary goal is to hold these individuals accountable. I want them to understand the impact of their actions and for their families to experience the consequences my family has endured. Although the defendants did not take my life, they have caused significant trauma to my life and character, which cannot be undone.

I pray to God every day that no one else has to endure what I have experienced.

I ask the court to make a lawful definition of "Fee" as "Taxes."

I also request that the court consider California SB 50 2804.5 for the 2023-2024 regular session regarding law-level vehicle infractions and adopt this bill. This is a great leap forward and will prevent unnecessary contact with Fresno Police Officers.

(*Id*. at 18). The remainder of Plaintiff's complaint is comprised of 188 pages of miscellaneous attachments and exhibits that purportedly support Plaintiff's claims of constitutional violations.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims.

**A. Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555;

4

*see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.").

Here, there are no factual allegations in the complaint that identify the basis of Plaintiff's Section 1983 claim.  Although Plaintiff names several defendants, the factual basis for those claims is unclear. Plaintiff's allegations are generally incoherent, but he appears to make numerous allegations of alleged officer misconduct. (Doc. 14 at 10–17.)  He does not, however, explain with any clarity what act(s) of misconduct were allegedly perpetrated against him and by whom.  Such pleading is not permissible because it does not give the defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims.  *See* Fed. R. Civ. P. 8(a)(2).

## IV.   CONCLUSION AND RECOMMENDATIONS

The undersigned has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim, and leave to file an amended complaint, but Plaintiff chose to stand on his complaint.  (*See* Docs.27, 28.)

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim; and

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be

5

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **January 7, 2025**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE